the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters set forth in the formal charges. We further determine that by his conduct, respondent violated professional conduct rules §§ 3-504.1(a) and 3-508.4(a), (c), and (d), as well as his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

The conditional admission is accepted. Respondent is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.

---

IN RE INTEREST OF SAMANTHA L. AND JASMINE L.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF HEALTH AND
HUMAN SERVICES, APPELLEE AND CROSS-APPELLEE,
V. KELLY L., APPELLEE AND CROSS-APPELLANT,
AND WILLIAM H., APPELLANT.
___ N.W.2d ___

Filed November 1, 2013.    No. S-13-264.

1.  **Rules of the Supreme Court: Appeal and Error.** Headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2012). Under that rule, a party is required to set forth the

assignments of error in a separate section of the brief, with an appropriate heading, following the statement of the case and preceding the propositions of law, and to include in the assignments of error section a separate and concise statement of each error the party contends was made by the trial court.

2. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.

3. **Rules of the Supreme Court: Appeal and Error.** Where a brief of a party fails to comply with the mandate of Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2012), an appellate court may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error.

4. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

5. **Juvenile Courts: Adoption: Child Custody.** A juvenile court, except where an adjudicated child has been legally adopted, may always order a change in the juvenile's custody or care when the change is in the best interests of the juvenile.

6. **Trial: Waiver: Appeal and Error.** A litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal.

7. **Trial: Appeal and Error.** One cannot silently tolerate error, gamble on a favorable result, and then complain that one guessed wrong.

Appeal from the Separate Juvenile Court of Douglas County: VERNON DANIELS, Judge. Affirmed.

Matthew P. Saathoff, of Saathoff Law Group, P.C., L.L.O., for appellant.

Molly Adair-Pearson, of Adair-Pearson Law, for appellee Kelly L.

Donald W. Kleine, Douglas County Attorney, and Shakil A. Malik for appellee State of Nebraska, Department of Health and Human Services.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

CASSEL, J.

## INTRODUCTION

The biological parents of two children in the care and custody of the Nebraska Department of Health and Human Services (DHHS) each filed a notice of appeal from an order of the separate juvenile court of Douglas County. The order found

that DHHS was no longer required to supply reasonable efforts in support of reunification and that the primary permanency objectives for the children should be changed from reunification. Both parents failed to include in their respective briefs on appeal a separate section assigning error in the juvenile court's order. We therefore review the court's order for plain error. Finding none, we affirm.

## BACKGROUND

Kelly L. and William H. are the biological parents of Jasmine L. and Samantha L. The separate juvenile court of Douglas County placed Jasmine and Samantha in the temporary care and custody of DHHS on October 12, 2010, after DHHS received information that Kelly and William had engaged in acts of domestic violence in Jasmine's and Samantha's presence on multiple occasions.

An adjudication hearing was conducted by the juvenile court on January 5, 2011. Jasmine and Samantha had remained in the custody of DHHS up until that time. Upon completion of the hearing, the court entered an order providing that Kelly and William admitted or pled no contest to various allegations made by the State. Kelly admitted that she had failed to provide Jasmine and Samantha with proper parental care, support, and/or supervision, and pled no contest to the State's allegations that she and William had engaged in domestic violence in front of the children and that the children were at risk for harm. William admitted that his use of alcohol and/or controlled substances placed the children at risk for harm, and pled no contest to the State's allegations that he and Kelly had engaged in acts of domestic violence in front of the children and that the children were at risk for harm. Based upon Kelly's and William's pleas and admissions, the court found that it was in the best interests, safety, and welfare of Jasmine and Samantha to remain in the temporary care and custody of DHHS.

The juvenile court's order also set forth requirements for Kelly and William to complete for reunification. These requirements included, in relevant part, to (1) obtain and maintain safe, stable, and adequate housing; (2) obtain and maintain a

legal, stable source of income; (3) abstain from the consumption of alcohol and the use/possession of all controlled substances, unless prescribed by a physician; (4) submit to future random drug testing within 4 hours of a request by the case manager; and (5) participate in individual therapy to address issues relating to domestic violence.

Jasmine and Samantha's case then came before the juvenile court on several continued disposition hearings throughout 2011 and 2012. DHHS was required to provide Kelly and William with copies of reports that it planned to use at the hearings 3 days in advance of the hearing dates. However, three hearings during this period were continued because DHHS failed to do so. Because DHHS caused the hearings to be continued, the juvenile court assessed fees for preparation and attendance at the hearings against DHHS. DHHS appealed the fees award, and we disposed of the appeal in *In re Interest of Samantha L. & Jasmine L.*[1]

On February 15, 2012, Kelly and William moved the juvenile court for an order to toll the statutory ground for termination of parental rights provided by Neb. Rev. Stat. § 43-292(7) (Cum. Supp. 2012). Section 43-292(7) provides that parental rights may be terminated when a juvenile has been in an out-of-home placement for 15 or more months of the most recent 22 months. In support of their motion to toll, Kelly and William alleged that DHHS had caused three hearings to be continued by failing to provide them with copies of reports DHHS planned to use at the hearings. They further alleged that their contact with the caseworkers had been intermittent from approximately February 2011 to January 2012. Kelly and William ultimately claimed that these failures had limited their ability to comply with the court's orders. At the time the motion was filed, Jasmine and Samantha had been in the care and custody of DHHS for 16 months.

In response to Kelly and William's motion to toll, the parties entered into a stipulation providing that DHHS had failed to provide Kelly and William with reasonable efforts in support

---

[1] *In re Interest of Samantha L. & Jasmine L.*, 284 Neb. 856, 824 N.W.2d 691 (2012).

of reunification from February 28, 2011, to February 29, 2012. The stipulation further requested that the juvenile court toll the statutory time period of § 43-292(7) from February 28, 2011, to February 29, 2012. The court did so in an order dated August 24, 2012.

Jasmine and Samantha's case then came before the juvenile court for an evidentiary and review and permanency planning hearing on February 11, 2013. At that time, Jasmine and Samantha had been in out-of-home placement for nearly 28 months. Their primary permanency objectives during that time had been reunification.

At the hearing, DHHS offered several exhibits to the juvenile court without objection. These exhibits included reports from the Nebraska Foster Care Review Office, a guardian ad litem report, a case plan and court report from DHHS, and correspondence documenting the progress of Kelly's and William's drug testing.

The exhibits made clear that both Kelly and William had demonstrated a continued disregard for the juvenile court's requirements for reunification during the nearly 28-month period that Jasmine and Samantha had been in the care and custody of DHHS. The exhibits showed that both Kelly and William had been evicted from their residences, that William had been terminated from his employment, that neither Kelly nor William was in compliance with urinalysis requests or participating in therapy, and that William had been discharged from his domestic violence program because he had missed more than the permitted number of classes.

The reports from the Nebraska Foster Care Review Office and the guardian ad litem report recommended that the primary permanency objectives for the children be changed from reunification and that reasonable efforts in support of reunification no longer be required. At the hearing, the author of the case plan from DHHS also made an oral amendment to the plan, recommending that the court adopt a primary permanency objective of adoption for Samantha.

In an order dated February 26, 2013, the juvenile court found that no further reasonable efforts were required in support of reunification, that the primary permanency objective

for Jasmine was to be independent living, and that the primary permanency objective for Samantha was to be guardianship with a concurrent plan of adoption.

William filed a timely notice of appeal. Kelly filed a second notice of appeal. Under our rules, she was considered an appellee[2] and was vested with the right to cross-appeal.[3]

## ASSIGNMENTS OF ERROR

[1] Both Kelly and William failed to include in their respective briefs on appeal a separate section assigning error in the juvenile court's February 26, 2013, order. We have emphasized that headings in the argument section of a brief do not satisfy the requirements of Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2012).[4] Under that rule, a party is required to set forth the assignments of error in a separate section of the brief, with an appropriate heading, following the statement of the case and preceding the propositions of law, and to include in the assignments of error section a separate and concise statement of each error the party contends was made by the trial court.[5] We again enforce these requirements.

## STANDARD OF REVIEW

[2-4] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[6] However, where a brief of a party fails to comply with the mandate of § 2-109(D)(1)(e), we may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error.[7] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[8]

---

[2] See Neb. Ct. R. App. P. § 2-101(C) (rev. 2010).

[3] See § 2-101(E).

[4] See *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011).

[5] See *id*.

[6] *Id*.

[7] See *id*.

[8] *Id*.

## ANALYSIS

The juvenile court's February 26, 2013, order found that reasonable efforts in support of reunification were no longer required, that the primary permanency objective for Jasmine was to be independent living, and that the primary permanency objective for Samantha was to be guardianship with a concurrent plan of adoption. Because both Kelly and William failed to include a separate section assigning error in their briefs on appeal, we will review each of the above findings for plain error. We begin with the court's finding that reasonable efforts in support of reunification were no longer required.

### Reasonable Efforts

The juvenile court's February 26, 2013, order found that reasonable efforts in support of reunification were no longer required. We do not find this conclusion to be plain error. From the outset, we acknowledge that the parties entered into a stipulation providing that reasonable efforts were not provided in support of reunification from February 28, 2011, to February 29, 2012. However, notwithstanding the stipulated time period, the evidence shows a clear pattern of disregard by Kelly and William for the services provided to them by DHHS in support of reunification. Due to Kelly's and William's continued disregard for these services, the court did not commit plain error in finding that reasonable efforts were no longer required.

The exhibits offered to the juvenile court at the February 11, 2013, hearing demonstrated that Kelly and William continually ignored the services provided to them by DHHS to fulfill the juvenile court's requirements for reunification. The case plan authored by DHHS stated that Kelly and William were not participating in individual therapy, couples counseling, family therapy, or Alcoholics Anonymous or drug/alcohol screening. The case plan also claimed that Kelly and William had "made themselves unavailable to services by not answering their phones or the door to their home."

The guardian ad litem report similarly established Kelly's and William's unwillingness to utilize the services provided

by DHHS. The report stated that "[a]ll resources necessary for the parents to comply with the orders of the court have been repeatedly made available to the parents and they continue to refuse services." The report then recommended that DHHS no longer be required to offer services or provide reasonable efforts to assist Kelly and William in their compliance with the court's order.

The correspondence documenting the progress of Kelly's and William's drug screening also demonstrated a continued lack of effort by Kelly and William to participate in the drug-screening services provided by DHHS. A January 21, 2013, letter from Kelly's drug-testing provider stated that Kelly was to arrange to come to drug testing weekly, but tested only once and then missed all other drug tests. A January 30, 2013, e-mail from William's drug-testing provider stated that William was being discharged from testing services for failing to call in to determine if he needed to test. The e-mail documented dozens of unsuccessful attempts by the provider to contact William to set up appointments for drug testing during 2011 and 2012.

The reports from the Nebraska Foster Care Review Office outlined barriers to reunification that similarly established Kelly's and William's unwillingness to utilize the services provided to them. These barriers included (1) lack of progress toward reunification, (2) noncompliance by both parents with urinalysis requests or participation in therapy, (3) lack of participation by both parents in outpatient substance abuse treatment, and (4) noncompletion by both parents of a domestic violence program.

The exhibits offered to the juvenile court established that Kelly and William continually failed to utilize the services provided by DHHS in support of reunification during the nearly 28 months that Jasmine and Samantha were in the care and custody of DHHS. Based upon the substantial evidence before the court of Kelly's and William's unwillingness to utilize these services, we find that the court did not commit plain error in no longer requiring DHHS to provide reasonable efforts in support of reunification.

PRIMARY PERMANENCY OBJECTIVES

The juvenile court's February 26, 2013, order changed Jasmine's and Samantha's primary permanency objectives from reunification to independent living for Jasmine and guardianship with a concurrent plan of adoption for Samantha. We find no plain error in the court's modification of Jasmine's and Samantha's primary permanency objectives.

[5] A juvenile court, except where an adjudicated child has been legally adopted, may always order a change in the juvenile's custody or care when the change is in the best interests of the juvenile.[9] Here, the evidence before the juvenile court at the February 11, 2013, hearing adequately demonstrated that it was in Jasmine's and Samantha's best interests to modify their primary permanency objectives.

The evidence before the juvenile court showed that during the nearly 28 months that Jasmine and Samantha were in the care and custody of DHHS, Kelly and William had failed to make any significant progress toward reunification. The court report and case plan from DHHS stated that Kelly and William had each been evicted from their respective homes, that William was unemployed, and that there was continued evidence of alcohol abuse on the part of both Kelly and William. The court report further stated that Kelly's and William's lack of progress had caused the case to be drawn out longer than necessary and that the case's length was affecting Jasmine and Samantha.

The juvenile court also received several recommendations at the February 11, 2013, hearing that Jasmine's and Samantha's primary permanency objectives be changed from reunification. The reports from the Nebraska Foster Care Review Office recommended a permanency objective of adoption. The guardian ad litem report recommended a permanency objective of independent living for Jasmine and guardianship or adoption for Samantha. At the hearing, the author of the case plan from DHHS also made an oral amendment to the case plan that Samantha's permanency objective be changed to adoption.

---

[9] *In re Interest of Karlie D.*, 283 Neb. 581, 811 N.W.2d 214 (2012).

[6,7] Although William's counsel asserted at oral argument that Kelly and William were ambushed by the oral amendment to the case plan recommending that Jasmine's and Samantha's primary permanency objectives be changed from reunification, they failed to take any action to address their surprise before the juvenile court. Neither Kelly nor William objected to the oral recommendation or moved the court for a continuance once it was made. We have previously stated that a litigant's failure to make a timely objection waives the right to assert prejudicial error on appeal.[10] One cannot silently tolerate error, gamble on a favorable result, and then complain that one guessed wrong.[11] We apply that principle now in rejecting William's argument that the oral recommendation was an unfair surprise.

The evidence before the juvenile court established that it was in Jasmine's and Samantha's best interests to modify their primary permanency objectives from reunification. The evidence demonstrated that the case's length was affecting Jasmine and Samantha and that Kelly and William were unlikely to fulfill the court's requirements for reunification in the foreseeable future. The court also received multiple recommendations that Jasmine's and Samantha's permanency objectives be changed. We conclude that the court did not commit plain error in modifying Jasmine's and Samantha's primary permanency objectives in its February 26, 2013, order.

## CONCLUSION

Because both Kelly and William failed to comply with § 2-109(D)(1) regarding assignments of error, our review is limited to an examination of the record for plain error. The evidence before the court at the February 11, 2013, permanency planning hearing demonstrated that Kelly and William had repeatedly disregarded the services provided by DHHS in support of reunification. The evidence further established that modification of Jasmine's and Samantha's permanency objectives was in their best interests. We therefore find no

---

[10] *Hass v. Neth*, 265 Neb. 321, 657 N.W.2d 11 (2003).

[11] *Id.*

plain error in the juvenile court's February 26 order finding that reasonable efforts in support of reunification were no longer required, that the primary permanency objective for Jasmine was to be independent living, and that the primary permanency objective for Samantha was to be guardianship with a concurrent plan of adoption. Accordingly, we affirm the court's order.

AFFIRMED.

———————————

STATE OF NEBRASKA, APPELLEE, V.
KAYLENE M. RIEGER, APPELLANT.
___ N.W.2d ___

Filed November 1, 2013.    No. S-13-456.

1. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

2. **Sentences: Probation and Parole.** It is within the discretion of the trial court whether to impose probation or incarceration.

3. ____: ____. When a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute.

4. ____: ____. Whether a condition of probation imposed by the sentencing court is authorized by statute is a question of law.

5. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

Appeal from the District Court for Sarpy County, MAX KELCH, Judge, on appeal thereto from the County Court for Sarpy County, ROBERT C. WESTER, Judge. Sentence vacated in part, and cause remanded with directions.

Liam K. Meehan, of Schirber & Wagner, L.L.P., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.